**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

DEC 1 1 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY________________ DEPUTY

| | | |
|---|---|---|
| **FIRST NATIONAL BANK** **Plaintiff** | § § § | |
| **V.** | § § | CIVIL ACTION FILE NUMBER |
| **JERRY D. WILKIE, JR., WILKIE SURVEYING, LLC, LIN LI, HANZIANG ZHANG, LINDA LOCKWOOD, and FIDELITY NATIONAL INSURANCE TITLE INSURANCE COMPANY** **Defendants** | § § § § § § § | 5:13-cv-01124 |

## NOTICE OF REMOVAL

Pursuant to 12 U.S.C. Section 1819(b)(2)(B) and 28 U.S.C. Section 1441, Defendant Federal Deposit Insurance Corporation, as Receiver for First National Bank (the "FDIC"), hereby removes the above-captioned lawsuit from the District Court, 150th District Judicial Court, Bexar County, Texas, in which it currently is pending, to the United States District Court for the Western District of Texas, San Antonio Division. As grounds for the removal of this case, the FDIC states as follows:

## BACKGROUND

1. First National Bank filed this cause of action on February 25, 2011.

2. On September 13, 2013, the Office of the Comptroller of the Currency

("OCC") closed First National Bank ("FNB") and appointed the FDIC as receiver.[1]

3. Pursuant to 12 U.S.C. § 1821(c)(3)(A), the FDIC accepted its appointment as on the September 13, 2013.[2]

4. The FDIC has succeeded to all rights, titles, and powers and privileges of FNB, pursuant to 12 U.S.C. Sections 1821(c)(3) and 1821(d). Therefore, the FDIC stands in the shoes of FNB with respect to all matters, including litigation by and against FNB.

5. The FDIC filed a Notice substituting FDIC for FNB as Plaintiff in this case on December 11, 2013.

## BASIS FOR REMOVAL

6. This case is removable pursuant to 28 U.S.C. § 1441(a) (2011), which provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.[3]

7. Any civil suit in which the Federal Deposit Insurance Corporation, "in any capacity, is a party shall be deemed to arise under the laws of the United

---

[1] The OCC's announcement regarding the failure of First National Bank is publicly available at http://www.occ.gov/news-issuances/news-releases/2013/nr-occ-2013-135.html.

[2] The FDIC's announcement regarding the First National Bank receivership is publicly available at http://www.fdic.gov/bank/individual/failed/firstnatl-tx.html.

[3] 28 U.S.C. § 1441 was amended in 2011, however, because this case was filed in State court prior to the effective date of the amendment, the previous version of Section 1441 applies and is cited herein.

States." 12 U.S.C. § 1819(b)(2)(A). As a result, "federal courts have subject matter jurisdiction over removed actions involving the FDIC pursuant to 28 U.S.C. Section 1331." *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 781 (11th Cir. 2005). Moreover, when the FDIC is a party, the entire action is deemed to arise under the laws of the United States. *See, e.g., Buchner v. FDIC,* 981 F.2d 816, 819 (5th Cir. 1993).

8. The FDIC also has a statutory right to remove cases in which it is a party from state court to federal court pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 Stat. 183 *etseq.*

Specifically, 12 U.S.C. § 1819(b)(2)(B)provides in pertinent part:

(B) Removal

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

9. This Notice of Removal is filed within the 90-day period from the date the FDIC was substituted as a party in the State Court Action.

10. Concurrently with the filing of this Notice of Removal, the FDIC has served thereof to all parties of record in the State Court Action and to the Clerk of the 150th District Judicial Court, Bexar County, Texas, pursuant to 28 U.S.C. §

1446(d).

11. Venue is proper in this Court as it is the United States District Court for the district and division embracing the place where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

12. True and correct copies of all process, pleadings, and orders served by or upon the FDIC in the State Court Action are attached to this Notice of Removal as Exhibit "A," as required by 28 U.S.C. § 1446(a).

Respectfully submitted,

Sherer & Crow, PLLC

By: ______________________

ERIC D. SHERER
Texas Bar No. 18237890
RICHARD R.CROW, JR.
Texas Bar No. 24044736
WILLIAM L McCAMISH
Texas Bar No. 24062497
11120 Wurzbach Road, Suite 300
San Antonio, Texas 78230
Tel. (210) 696-6645
Fax. (866) 305-5823
Attorneys for Plaintiff
Federal Deposit Insurance Corporation, as
Receiver for First National Bank

## CERTIFICATE OF SERVICE

I certify that on December 11, 2013 a true and correct copy of the above Notice of Removal was served by on the following as described:

*Via Facsimile 210-277- 6810*
Merritt Clements
WINSTEAD PC

300 Convent Street, Suite 2700
San Antonio, Texas 78205
Attorney for Defendant Fidelity
National Title Insurance

*Via Facsimile 210-271-1740*
Mark Randolph
HORNBERGER, SHEEHAN, FULLER AND BEITER INC.
7373 Broadway, Suite 300
San Antonio, Texas 78209
Attorney for Defendant Linda Lockwood

*Via Certified Mail, Return Receipt Requested*
Jerry D. Wilkie, Jr.
121 Repose Lane
San Antonio, Texas 78228

*Via Certified Mail, Return Receipt Requested*
Wilkie Surveying LLC
121 Repose Lane
San Antonio, Texas 78228

*Via Facsimile 210-335-3264*
Shirley Meyers
CLERK, 150TH DISTRICT JUDICIAL COURT
Bexar County Courthouse
100 Dolorosa, 2nd floor, Room 2.23
San Antonio, Texas 78205

Eric D. Sherer